UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGELA BURRELL o/b/o
DESHANTAY E. DAVIS,

       Plaintiff,  : 04 Civ. 9551 (RMB) (GAY)

 - against -  : **DECISION & ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.
------------------------------------------------------------X

**I. Background**

On or about December 6, 2004, Angela Burrell ("Plaintiff"), proceeding pro se, filed a complaint on behalf of her minor grandchild, Deshantay Davis ("Claimant" or "Davis"), against Michael J. Astrue, the Commissioner of Social Security ("Defendant" or "Commissioner"), pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).  Plaintiff seeks review of a final decision, dated June 28, 2004, of an administrative law judge ("ALJ") of the Social Security Administration ("SSA"), which denied Davis's application for social security disability benefits, filed on or about November 8, 2002, on the grounds that Davis "ha[d] not been under a disability, as defined in the Social Security Act, since August 20, 2002 and [was] no longer eligible for supplemental security income benefits."  (See Compl., dated Oct. 15, 2004, ¶¶ 1, 7; Administrative Record, dated June 28, 2004 ("A.R."), at 14−26.)  On September 3, 2004, the Social Security Administration's Appeals Council ("Appeals Council") denied Plaintiff's application for review of the ALJ's decision.  (A.R. at 5–7 (Notice of Appeals Council Action, dated Sept. 3, 2004 ("We found that [Plaintiff's application] does not provide a basis for changing the [ALJ's] decision.")).)

On July 25, 2005, Defendant filed a motion for judgment on the pleadings ("Motion") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") arguing, among other things, that "the Commissioner's decision is supported by substantial evidence in the record and is based upon the application of the correct legal standards."  (Mem. of Law in Supp. of the Comm'r's Mot. for J. on the Pleadings, dated July 25, 2005, at 1.)  Plaintiff did not submit a response to Defendant's Motion.

On January 5, 2011, United States Magistrate Judge George A. Yanthis, to whom this matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending that Defendant's Motion be granted.  (Report at 23.)  Judge Yanthis determined that Claimant is not entitled to benefits because, among other things, substantial evidence supports the ALJ's determinations that:  (1) Claimant's condition had "medically improved" since the Comparison Point Determination Date ("CPD"); (2) Claimant's condition (growth impairment) no longer "meets or equals the severity" of the legally required level of impairment because Claimant no longer has a growth impairment; and (3) Claimant's other alleged impairments, i.e., asthma and anemia, "did not meet, medically equal, or functionally equal an impairment listed in" Appendix 1 to Part 404, Subpart P of Title 20 of the Code of Federal Regulations ("Appendix 1"), which outlines the criteria to qualify for disability benefits.[1]  (Report at 11, 15−23.)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1)(c), as amended, and Fed.

---

[1]    Claimant's CPD is January 31, 2000, the "date of the SSA's 'most recent favorable decision' that claimant was disabled or continued to be disabled.  The most recent favorable decision is the 'latest final determination or decision involving a consideration of the medical evidence and whether you were disabled or continued to be disabled.'"  (Report at 5 n.3 (quoting 20 C.F.R. § 416.994a(c)(1) (2010)), 12.)

R. Civ. P. 72(b), the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections." (Report at 23.) To date, neither party has filed objections to the Report.

**For the reasons set forth below, the Report is adopted in its entirety.**

## II.     Standard of Review

In the absence of objections, a district court may adopt those sections of a magistrate judge's report and recommendation that are not clearly erroneous. Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); DirecTV Latin Am., L.L.C. v. Park 610, L.L.C., 614 F. Supp. 2d 446, 448 (S.D.N.Y. 2009). "A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge as to such matters." DirecTV, 614 F. Supp. 2d at 448; see also Knox v. Palestine Liberation Org., No. 03 Civ. 4466, 2009 WL 1765826, at *1 (S.D.N.Y. June 17, 2009).

## III.    Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference. Having conducted a review of the Report (and applicable legal authorities), the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

### (1)     Medical Improvement

Judge Yanthis concluded that substantial evidence supported the ALJ's finding (which relied upon Claimant's medical records and the findings of her evaluating physician) that Claimant's medical condition had improved since the CPD. (Report at 14.) Among other reasons, Dr. M. Malik, a disability medical consultant, performed a childhood disability evaluation of Claimant on August 20, 2002 and found that Claimant's "condition had shown

3

significant medical improvement and noted that she was no longer receiving physical and occupational therapy." (Report at 14 (citing A.R. at 238, 243)); see also 20 C.F.R. § 416.994a(b)(1); 20 C.F.R. § 416.927(d)(2); Santiago v. Massanari, No. 00 Civ. 3847, 2001 WL 1946240, at *8 (S.D.N.Y. July, 16, 2010).

    **(2)    Evaluation of Disability**

Judge Yanthis concluded that substantial evidence supported the ALJ's determination that Claimant no longer satisfies the requirements in Appendix 1 with respect to growth impairment. (Report at 16.) Among other reasons, in 2002, SSA examining doctors Emma Florez and Tomasito Virey found that Claimant was a "well-developed" child whose physical growth was not impaired. (Report at 15−16); see also 20 C.F.R. pt. 404, subpt. P, app. 1 § 100.02 ("Section 100.02"). Section 100.02 requires a "[g]rowth impairment, considered to be related to an additional specific medically determinable impairment, and one of the following: A. Fall of greater than 15 percentiles in height which is sustained; or B. Fall to, or persistence of, height below the third percentile." 20 C.F.R. pt. 404, subpt. P, app. 1 § 100.02.

    **(3)    Evaluation of Current Disability**

Judge Yanthis concluded that substantial evidence supported the ALJ's determination that Claimant's current "impairments did not meet, medically equal, or functionally equal an impairment listed in" Appendix 1 because, among other reasons: (1) Claimant's "medical record does not indicate that the frequency of her asthma attacks satisfy the criteria of" 20 C.F.R. pt. 404, subpt. P, app. 1, pt. B § 103.03B, which requires that a child have asthma attacks "in spite of prescribed treatment and requiring physician intervention, occurring at least every 2 months or at least six times a year"; (2) Claimant's anemia "should improve with the present treatment" and

does not "meet or medically equal" the criteria of 20 C.F.R. pt. 404, subpt. P, app. 1 § 107.03, which requires a "persistence of hematocrit of 26 percent or less despite prescribed therapy"; and (3) in 2002, Doctors Florez, Malik, and Virey evaluated Claimant and concluded, among other things, that Claimant: (a) "had no limitation in the domain of acquiring and using information"; (b) "had no limitation in the domain of attending and completing tasks"; and (c) "had less than a marked limitation in the domain of health and physical well-being." (Report at 16–22); see also 20 C.F.R. § 416.924(d); 20 C.F.R. pt. 404, subpt. P, app. 1, pt. B § 103.03B; 20 C.F.R. pt. 404, subpt. P, app. 1 § 107.03; 20 C.F.R. pt. 404, subpt. P, app. 1; 20 C.F.R. § 416.926a; Dummett ex rel. Dummett v. Barnhart, No. 04 Civ. 1476, 2005 WL 419736, at *4 (E.D.N.Y. Feb. 17, 2005).

### IV. Conclusion & Order

For the reasons set forth herein and therein, the Court adopts Judge Yanthis's Report in its entirety and grants Defendant's Motion for judgment on the pleadings [#6]. The Clerk of Court is respectfully requested to enter judgment and close this case.

Dated: New York, New York
January 20, 2011

RICHARD M. BERMAN, U.S.D.J.